UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORENZO MILLER,<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | Case Number: 20-cv-03512<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AT LAW**

Plaintiff, LORENZO MILLER, by his lawyers in this matter, Evan B. Karnes, II, and Everardo Martinez, both of Karnes Law Chartered, complaining of the Defendant, UNITED STATES OF AMERICA, states:

**JURISDICITON AND VENUE**

1. This is an action arising under the Federal Torts Claims Act, 27 U.S.C. §§2671 *et seq*.

2. On January 16, 2019, LORENZO MILLER filed his original complaint against Defendants Marianne K. Holmer, PrimeCare Community Health, Inc., and PrimeCare West Town, among others, in the Circuit Court of Cook County.

3. On May 14, 2019, Defendant, UNITED STATES OF AMERICA, removed the action to the United States District Court, Northern District of Illinois pursuant to 42 U.S.C. § 233 and substituted as the Defendant in place of Defendants Marianne K. Holmer, Jim Christoforidis, PrimeCare Community Health, Inc. and PrimeCare West Town. Defendant, UNITED STATES OF

AMERICA, subsequently filed a motion to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies.

4. On June 11, 2019, the Honorable Matthew F. Kennelly granted Defendant's motion to dismiss without prejudice allowing LORENZO MILLER to file his administrative claim as provided by the Federal Torts Claims Act's savings clause at 28 U.S.C. § 2679 (d)(5).

5. LORENZO MILLER has complied with Section 2675(a) of the Federal Tort Claims Act and has exhausted his administrative remedies before filing this suit.

6. On August 9, 2019, LORENZO MILLER filed his administrative claim with the United States Department of Health and Human Services in the sum total of $9,040,750.81 for negligence and personal injury.

7. On December 18, 2019, the United States Department of Health and Human Services mailed a certified final written denial of LORENZO MILLER'S claim.

8. Pursuant to 28 U.S.C. §2675(a), Lorenzo Miller elects to file his Complaint against the Defendant, UNITED STATES OF AMERICA, in the District Court.

9. 28 U.S.C. §1346(b) vests this Court with jurisdiction.

10. LORENZO MILLER resides in Chicago, Cook County, Illinois, within the Northern District of Illinois, Eastern Division.

11. The acts and omissions of the Defendant, UNITED STATES OF AMERICA, occurred within the Northern District of Illinois, Eastern Division.

12. Between December 19, 2016 and January 16, 2017, and at all relevant times herein, PrimeCare Community Health, Inc., which includes PrimeCare West Town, was deemed an employee of the UNITED STATES OF AMERICA by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 233.

13. Between December 19, 2016 and January 16, 2017, and at all relevant times herein, PrimeCare Community Health, Inc., which includes PrimeCare West Town, was a private entity receiving grant money from the United States Public Health Service pursuant to 42 U.S.C. § 233.

14. Between December 19, 2016 and January 16, 2017, and at all relevant times herein, PrimeCare Community Health, Inc., which includes PrimeCare West Town, was owned and/or operated by the Defendant, UNITED STATES OF AMERICA, through the United States Public Health Service, an agency of the Defendant.

15. Between December 19, 2016 and January 16, 2017, and at all relevant times herein, Marianne K. Holmer and Jim Christoforidis were acting within the scope of their employment at PrimeCare Community Health, Inc. with respect to the incidents referred to herein.

16. On and before December 19, 2016 through January 16, 2017, and at all relevant times herein, Marianne K. Holmer was an Illinois licensed advance practice nurse acting within the scope of her employment at PrimeCare Community Health, Inc., which includes PrimeCare West Town, to provide medical services to patients.

17. On and before December 19, 2016 through January 16, 2017, and at all relevant times herein, Jim Christoforidis was an Illinois licensed physician acting within the scope of his employment at PrimeCare Community Health, Inc., which includes PrimeCare West Town, to provide medical services to patients.

18. On and before December 19, 2016 through January 16, 2017, and at all relevant times herein, Marianne K. Holmer was an agent, apparent agent and/or employee of PrimeCare Community Health, Inc., which includes PrimeCare West Town.

19. On and before December 19, 2016 through January 16, 2017, and at all relevant times herein, Jim Christoforidis was an agent, apparent agent and or employee of PrimeCare

Community Health, Inc., which includes PrimeCare West Town, to provide medical services to patients.

20. On and before December 19, 2016 through January 16, 2017, and at all relevant times herein, PrimeCare Community Health, Inc., which includes PrimeCare West Town, undertook to employ advance practice nurses and physicians such as Marianne K. Holmer and Dr. Jim Christoforidis for the purpose of providing medical services to individuals such as the Plaintiff, LORENZO MILLER.

21. On and before December 19, 2016 through January 16, 2017, and at all relevant times herein, Marianne K. Holmer and Dr. Jim Christoforidis were members of the medical staff at PrimeCare Community Health, Inc., which includes PrimeCare West Town.

22. On and before December 19, 2016 through January 16, 2017, and at all relevant times PrimeCare Community Health, Inc., which includes PrimeCare West Town, had a medical director on staff, who was employed by PrimeCare Community Health, Inc., to supervise, and direct medical care and treatment of patients, supervise medical staff's diagnosis, care and treatment of patients, and to provide treatment to patients at PrimeCare West Town.

23. On and before December 19, 2016 through January 16, 2017, and at all relevant times, Dr. Jim Christoforidis was the PrimeCare West Town medical director, or in his absence, PrimeCare West Town assigned other physicians to act as medical director, assistant medical director, or as the direct supervisor of the PrimeCare West Town medical staff nurses, doctors and other medical personnel.

24. On and before December 19, 2016 through January 16, 2017, and at all relevant times the medical director at PrimeCare West Town was required to supervise, train and educate PrimeCare West Town's advanced practice nurses and other medical staff who treated patients.

25. On and before December 19, 2016 through January 16, 2017, and at all relevant times, the medical director, and her/his assistants or other medical doctors, working at PrimeCare West Town were required to check, verify and review the actions, and activities of the advanced practice nursing staff of PrimeCare West Town to insure that the advanced practice nursing staff of PrimeCare West Town complied with the rules, regulations, protocols, practice guidelines, and rendered proper medical care and treatment in conformance with those rules, regulations, protocols, practice guidelines.

26. On and before December 19, 2016 through January 16, 2017, and at all relevant times PrimeCare West Town required its advanced practice nurses to seek guidance from PrimeCare West Town's medical director when treating patients.

27. On and before December 19, 2016 through January 16, 2017, and at all relevant times, together with Dr. Jim Christoforidis, each of these employed staff physicians were responsible for supervising, training and educating PrimeCare West Town's advance practice nurses.

28. On and before December 19, 2016 through January 16, 2017, and at all relevant times PrimeCare West Town's medical director, and other employed staff physicians were responsible to establish appropriate physical examination, and medical diagnosis protocols and procedures and to supervise, train, educate, and enforce PrimeCare West Town's physical examination, medical diagnosis protocols and procedures by PrimeCare West Town's advance practice nurses, and other professional staff.

29. On December 19, 2016, Plaintiff, LORENZO MILLER, was treated by Marianne K. Holmer at PrimeCare West Town for knee pain.

30. On December 19, 2016, Plaintiff, LORENZO MILLER, presented with the following symptoms to Marianne K. Holmer:

    a. Difficulty walking due to knee buckling or giving way;

    b. Significant swelling and bruising of left knee and leg;

    c. Left knee instability;

    d. Left knee cramping;

    e. Decreased range of motion to left knee;

    f. Difficulty in straightening and extending left knee; and

    g. Acute, excruciating pain in his left knee.

31. On December 19, 2016, Plaintiff, LORENZO MILLER, presented at PrimeCare West Town with all relevant symptoms of a ruptured quadriceps tendon of his left knee.

32. On December 19, 2016, Marianne K. Holmer diagnosed Plaintiff, LORENZO MILLER, as having suffered a knee sprain. Marianne K. Holmer prescribed naproxen, rest, ice, compression, elevation and applied an ACE wrap to the knee. Marianne K. Holmer directed Plaintiff, LORENZO MILLER, to follow up in one week, on or about December 27, 2016 and sent Plaintiff, LORENZO MILLER, home.

33. On December 19, 2016, on information and belief, Marianne K. Holmer did not consult with or seek advice of PrimeCare West Town's medical director or any other employed staff physicians before she diagnosed or discharged Plaintiff, LORENZO MILLER.

34. On December 19, 2016, on information and belief, neither PrimeCare West Town's medical director, Dr. Jim Christoforidis, nor any other employed staff physician consulted with Marianne K. Holmer, reviewed Marianne K. Holmer's care, diagnosis, proposed treatment plan,

confirmed the diagnosis or treatment plan was appropriate, either before or after she diagnosed or discharged Plaintiff, LORENZO MILLER.

35. Between December 19, 2016 and December 27, 2016, on information and belief, neither PrimeCare West Town's medical director, Dr. Jim Christoforidis, nor any other employed staff physician consulted with Marianne K. Holmer, reviewed Marianne K. Holmer's care, diagnosis, proposed treatment plan, confirmed the diagnosis or treatment plan was appropriate, either before or after she diagnosed or discharged Plaintiff, LORENZO MILLER.

36. On December 27, 2016, pursuant to Marianne K. Holmer's directions on follow up care, Plaintiff, LORENZO MILLER presented at PrimeCare West Town.

37. On December 27, 2016, Plaintiff, LORENZO MILLER presented with the following symptoms to Marianne K. Holmer:

    a. Continued difficulty walking due to knee buckling or giving way;

    b. Greater significant swelling and dark bruising of left knee;

    c. Increased and constant buckling and instability of his left knee;

    d. Significant decrease to the range of motion of the left knee;

    e. Continued difficulty in straightening and extending left knee; and

    f. Continued excruciating acute left knee pain.

38. On December 27, 2016, Plaintiff, LORENZO MILLER, presented at PrimeCare West Town with all relevant symptoms of a ruptured quadriceps tendon of his left knee.

39. On December 27, 2016, Marianne K. Holmer examined Plaintiff, LORENZO MILLER and diagnosed him with a knee sprain. Marianne K. Holmer directed him to continue the existing treatment plan of naproxen, rest, ice, compression, elevation; and, directed Plaintiff, LORENZO MILLER, to massage his knee and apply heat. Marianne K. Holmer directed Plaintiff, LORENZO

MILLER, to follow up in two weeks, on or about January 16, 2017, and sent Plaintiff, LORENZO MILLER, home.

40. On December 27, 2016, on information and belief, Marianne K. Holmer did not consult with or seek advice of PrimeCare West Town's medical director or any other employed staff physicians before she diagnosed or discharged Plaintiff, LORENZO MILLER.

41. On December 27, 2016, on information and belief, neither PrimeCare West Town's medical director, Dr. Jim Christoforidis, nor any other employed staff physician consulted with Marianne K. Holmer, reviewed Marianne K. Holmer's care, diagnosis, proposed treatment plan, confirmed the diagnosis or treatment plan was appropriate, either before or after she diagnosed or discharged Plaintiff, LORENZO MILLER.

42. Between December 27, 2016 and January 16, 2017, on information and belief, neither PrimeCare West Town's medical director, Dr. Jim Christoforidis, nor any other employed staff physician consulted with Marianne K. Holmer, reviewed Marianne K. Holmer's care, diagnosis, proposed treatment plan, confirmed the diagnosis or treatment plan was appropriate, either before or after she diagnosed or discharged Plaintiff, LORENZO MILLER.

43. While providing medical care and treatment to Plaintiff, LORENZO MILLER, Marianne K. Holmer was doing so as an employee, agent and/or apparent agent of PrimeCare Community Health, Inc., which includes PrimeCare West Town, and the Defendant UNITED STATES OF AMERICA.

44. While providing medical care and treatment to Plaintiff, LORENZO MILLER, Dr. Jim Christoforidis or other staff physicians were doing so as employees, agents and/or apparent agents of PrimeCare Community Health, Inc., which includes PrimeCare West Town, and the Defendant UNITED STATES OF AMERICA.

45. On January 16, 2017, Plaintiff, LORENZO MILLER, had an MRI of his left knee taken at AMITA/Presence Health Saints Mary and Elizabeth Medical Center as directed by Marianne K. Holmer. The MRI revealed he suffered a complete rupture of the quadriceps tendon of his left knee.

46. At all times relevant hereto, Marianne K. Holmer, Dr. Jim Christoforidis and PrimeCare West Town, by and through their, or its agents and employees, including Marianne K. Holmer, and Dr. Jim Christoforidis, or any other employed staff physicians, were required to exercise that degree of skill and care ordinarily exercised by treaters, and healthcare facilities providing urgent medical care, diagnosis, and treatment, and to exercise that degree of skill and care in providing urgent medical care, diagnosis, and treatment to Plaintiff, LORENZO MILLER.

47. At all times relevant hereto, DEFENDANT, UNITED STATES OF AMERICA, by and through its agents and employees PrimeCare Community Health, Inc., including PrimeCare West Town, Marianne K. Holmer, and Dr. Jim Christoforidis and other unknown medical doctors, and medical staff, were careless or negligent in one or more of the following respects:

   a. Failed to perform an adequate physical examination of Plaintiff;

   b. Carelessly, and negligently, performed a physical examination of Plaintiff;

   c. Carelessly, and negligently failed to develop, and rule out, through differential diagnosis, a complete rupture of the quadriceps tendon of Plaintiff's left knee.

   d. Carelessly, and negligently, failed to timely identify correlate, and diagnose, Plaintiff's symptoms, which identified a complete rupture of the quadriceps tendon in Plaintiff's left knee;

   e. Carelessly, and negligently, failed to consult with the Medical Director to confirm Marianne K. Holmer's findings on physical exam, and the correlation

      of those findings to a complete rupture of the quadriceps tendon in Plaintiff's left knee;

f. Carelessly, and negligently, failed to consult with any assistant medical director, acting medical director, or any employed staff doctor(s) to confirm Marianne K. Holmer's findings on physical exam, to confirm whether any additional diagnostic examination or testing was required, or appropriate, and the correlation of those findings to a complete rupture of the quadriceps tendon in Plaintiff's left knee;

g. Carelessly, and negligently, failed to order appropriate imaging studies to confirm the nature, and extent of the injury to Plaintiff's knee;

h. Carelessly, and negligently, failed to expedite orders for medical imaging to identify the nature, and extent of the injury to Plaintiff's knee;

i. Carelessly, and negligently, failed to timely treat the complete rupture of the quadriceps tendon in Plaintiff's left knee;

j. Carelessly and negligently failed to refer Plaintiff for immediate orthopedic surgical consult, and diagnosis of the complete rupture of the quadriceps tendon in Plaintiff's left knee;

k. Knew, or should have known, that Plaintiff's injury was severe and required immediate care;

l. Knew or should have known, that Plaintiff's symptoms required further evaluation as a partial or complete rupture of the quadriceps tendon in Plaintiff's left knee.

    m. Failed to develop, or carelessly and negligently, failed to develop, establish, implement and confirm use of consistent, and appropriate techniques, and protocols to diagnose, evaluate, confirm, and treat symptoms of complete rupture of the quadriceps tendon of patients presenting for treatment with symptoms such as those demonstrated by Plaintiff at PrimeCare West Town;

    n. Failed to supervise, train, educate and monitor the nursing and professional staff, including without limitation, advance practice nurses techniques, and failed to properly implement and insure that protocols to diagnose, evaluate, confirm, and treat, symptoms of complete rupture of the quadriceps tendon, and the appropriate physical examination and medical diagnosis protocols or procedures were appropriately followed; and,

    o. Failed to appropriately, adequately coordinate continuity of care for patients presenting with symptoms of partial or complete rupture of the quadriceps tendon in patients presenting for treatment to PrimeCare West Town;

    p. Failed to appropriately, adequately design, implement, and monitor daily nursing staff, and medical staff treatment and diagnosis decisions, follow up, review, confirm and approve diagnosis, care and treatment protocols; and,

    q. Was/were, otherwise careless and negligent.

48. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of DEFENDANT, UNITED STATES OF AMERICA, by and through its agents and employees PrimeCare Community Health, Inc., including PrimeCare West Town, Marianne K. Holmer, and Dr. Jim Christoforidis and other unknown medical doctors, and medical staff,

DEFENDANT, UNITED STATES OF AMERICA, delayed the diagnosis of Plaintiff's, LORENZO MILLER, complete left knee quadriceps tendon rupture by approximately thirty (30) days.

49. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of DEFENDANT, UNITED STATES OF AMERICA, by and through its agents and employees PrimeCare Community Health, Inc., including PrimeCare West Town, Marianne K. Holmer, and Dr. Jim Christoforidis and other unknown medical doctors, and medical staff, DEFENDANT, UNITED STATES OF AMERICA, significantly delayed referral for MRI and referral for immediate Orthopedic surgical repair surgery.

50. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of DEFENDANT, UNITED STATES OF AMERICA, by and through its agents and employees PrimeCare Community Health, Inc., including PrimeCare West Town, Marianne K. Holmer, and Dr. Jim Christoforidis and other unknown medical doctors, and medical staff, DEFENDANT, UNITED STATES OF AMERICA, Plaintiff, LORENZO MILLER, required extensive additional post-surgical rehabilitation, which continues to the present and may be required for the remainder of his life.

51. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of DEFENDANT, UNITED STATES OF AMERICA, by and through its agents and employees PrimeCare Community Health, Inc., including PrimeCare West Town, Marianne K. Holmer, and Dr. Jim Christoforidis and other unknown medical doctors, and medical staff, Plaintiff, LORENZO MILLER, required extensive additional post-surgical rehabilitation, which continues to the present and may likely be required for the remainder of his life.

52. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions of DEFENDANT, UNITED STATES OF AMERICA, by and through its agents

and employees PrimeCare Community Health, Inc., which includes PrimeCare West Town, Marianne K. Holmer, and Dr. Jim Christoforidis and other unknown medical doctors, and medical staff, DEFENDANT, UNITED STATES OF AMERICA, Plaintiff, LORENZO MILLER, suffered permanent injury.

53. As a direct and proximate result of the foregoing allegations, Plaintiff sustained permanent injury which has caused Plaintiff, LORENZO MILLER, to incur in the past and to likely incur future medical expenses in an endeavor to be cured of injuries, permanent in nature; chronic and permanent pain and suffering, a permanent disabling injury and loss of ordinary occupation and affairs, including loss of enjoyment of life, all to his damage.

54. Plaintiff, LORENZO MILLER, has attached as "*Group Exhibit A*" reports in compliance with 735 Ill. Comp. Stat. 5/2-622.

WHEREFORE, Plaintiff, LORENZO MILLER, prays that this Honorable Court enter judgment against the DEFENDANT, UNITED STATES OF AMERICA, for the amount of $9,040,750.81, or such other greater amount as may be proven at trial or hearing, together with any and all other damages available under the Federal Tort Claims Act, the costs of the action, and any further legal and equitable relief this Court deems appropriate.


Evan B. Karnes, II
Everardo Martinez
KARNES LAW, CHARTERED
177 N. State Street, 3rd Floor
Chicago, IL 60601
(312) 629-8900
Evan@KarnesLaw.com
Everardo@KarnesLaw.com

/s/ Evan B. Karnes, II
One of the Lawyers for
LORENZO MILLER